JAMES A. ALLEN AND CARL A. EBERST, AS EXECUTORS OF THE ESTATE OF MARY L. KELLY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36157.  Promulgated September 9, 1930.

*John A. Connor, Esq.*, for the petitioners.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: On February 16, 1925, Mary L. Kelly, now deceased, deeded to the Commerce Building & Realty Co. a certain property, part of lot 281 in Columbus, Ohio. She died on May 30, 1926. Applying the statutory presumption that the transfer was in contemplation of death, the respondent added the value of the property to the taxable estate and determined a deficiency of $3,929.58. At the hearing it was stipulated that, in the event it was determined by this Board that the transfer was not in contemplation of death, then there should be added to the value of one share of stock in the Commerce Building & Realty Co. held by Mary L. Kelly at the time of her death the sum of $1,300, being one one-hundredth of the value of the property in question.

The uncontradicted evidence reveals that Mary L. Kelly was a woman about 72 years old in 1925. She had enjoyed generally good health all her life, seldom requiring the attention of a physician. She was a very large woman physically, weighing in excess of two hundred pounds, but was not an excessive eater. In 1922 she was obliged to undergo an operation for intestinal strangulation and hernia, but made what is described as a remarkable recovery and was apparently in excellent health thereafter. Due to her excessive weight and advancing years she had a mild degree of arteriosclerosis and at times evidences of Bright's disease, but these conditions were not regarded by her physician as serious.

In February, 1925, when the transfer was made, Mary L. Kelly was in good health and excellent spirits. She remarked at the time of the transfer that, under the family agreement to pool all the property of her husband, her son, and herself in the Commerce Building & Realty Co. made in 1914, she should have transferred this property years before. There was no condition indicative of a fear of impending death.

After the transfer her health continued good; she was fairly active socially, did her own marketing, and was never sick in bed until the day before her death.

On May 5, 1926, Edmund L. Kelly, the only son of decedent, was taken seriously ill in Chicago and was obliged to go to a hospital. She was greatly exercised and distressed over his illness. After ten days he returned to Columbus and entered a hospital. There his mother visited him every other day, her last visit being May 27. The next day she became ill at her home and on May 29 was taken to the same hospital, where she died May 30. Her family physician expressed the opinion that the worry over her son's condition was the exciting cause of her death and that without this there was no reason

to be apprehensive of impending death. The doctor attending at her death stated the cause of death to be chronic interstitial nephritis of two days' duration.

In the evidence we are unable to find any basis for holding that the transfer in 1925 was impelled by a contemplation of death.

*Decision will be entered under Rule 50.*